**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ADRIAN MITCHUM, as the Surviving Child of Decedent, Aron Mitchum Jr., Deceased,<br><br>Plaintiff,<br><br>v.<br><br>BROADWAY HEALTHCARE LLC d/b/a BROADWAY MANOR HEALTHCARE CENTER; and MIDWEST GERIATRIC MANAGEMENT, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-26-779-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendants' Special Appearance, Motion to Dismiss and Alternative Motion to Transfer Venue [Doc. No. 5]. As Plaintiff has failed to file a timely response, the Court deems the motion confessed. *See* LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."). However, for the reasons stated herein, the Court declines to dismiss the case entirely and instead transfers this action to the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 1404(a).

In his Complaint [Doc. No. 1], Plaintiff alleges that Aron Mitchum, Jr., while a resident of a facility owned or operated by Defendants, developed an avoidable pressure injury on March 23, 2024, and later died on June 12, 2024. On April 10, 2026, Plaintiff

1

initiated this action against Defendants, bringing claims of wrongful death and negligence per se.

In the present motion, Defendants assert that Plaintiff's Complaint should be dismissed under FED. R. CIV. P. 12(b)(6). First, Defendants contend that Broadway Healthcare, LLC was not licensed to conduct and maintain the subject facility until May 14, 2024, after Plaintiff's pressure injury occurred. Defendant Midwest Geriatric Management, LLC provided "ancillary management services to Broadway Healthcare and its residents," although it is not clear from Defendants' motion when MGM began to provide services related to the subject facility. Finally, Defendants assert that Plaintiff incorrectly named Broadway Healthcare, LLC as "d/b/a Broadway Manor Healthcare Center" instead of "d/b/a Broadway Care & Rehab Center."

Alternatively, Defendants request that this action be transferred to the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 1404(a), because the subject facility is located in Muskogee, Oklahoma. Under Section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Tenth Circuit has directed district courts considering a Section 1404(a) transfer to weigh the following discretionary factors:

> … the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence

> of questions arising in the area of conflict of laws; the
> advantage of having a local court determine questions of local
> law; and all other considerations of a practical nature that make
> a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010)

(quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.

1991)).

In this case, Plaintiff has not timely opposed a transfer to the Eastern District of

Oklahoma. Upon consideration of the other factors, the Court finds that Defendants have

made a strong showing for why the requested transfer should be granted. Apart from

Plaintiff's Missouri-based counsel maintaining a satellite office in Edmond, Oklahoma, the

Court can discern no connection between this action and the Western District. The subject

facility where Mr. Mitchum, Jr. suffered injuries and died is located in Muskogee,

Oklahoma, in the Eastern District. Defendants assert that the "Western District has no

relationship to the claims whatsoever," and that Mr. Mitchum, Jr.'s "injury, death and the

events and allegations upon which the Complaint are based all occurred in Muskogee,

Oklahoma." [Doc. No. 5, at 5-6].

Defendants further assert—and the Court agrees—that the convenience of the

parties and witnesses would also be served by a transfer to the Eastern District. Defendants

provide that "[w]itnesses, including supervisors, nursing staff, other employees, and

medical providers, are located in Muskogee." *Id.* at 6. Defendants add that "Plaintiff will

probably attempt to conduct discovery regarding other similar instances of negligence,

violations, and death of residents at the facility," all of which would have occurred in the

Eastern District. *Id.* Defendants also allege that "Plaintiff himself is a resident of the Eastern District." *Id.* at 7.

For these reasons, and noting no timely response by Plaintiff, the Court agrees that, in the interest of justice, this action should be transferred to the United States District Court for the Eastern District of Oklahoma, pursuant to Section 1404(a).

Further, the Court declines to dismiss this action in its entirety, as requested by Defendants. For their Rule 12(b)(6) motion, Defendants contend that Broadway Healthcare, LLC was not licensed to conduct and maintain the subject facility until May 14, 2024, two months after Mr. Mitchum, Jr.'s pressure injury occurred. However, a fair reading of Plaintiff's Complaint suggests that at least some of Plaintiff's allegations against Defendants could have stemmed from the care provided to Mr. Mitchum, Jr. leading up to his death on June 12, 2024. *See* Compl. at ¶ 88 (wrongful death allegations related to Defendants' failure to adequately *treat and respond to* Mr. Mitchum, Jr.'s physical condition, failure to ensure adequate nutrition and hydration to Mr. Mitchum, Jr., failure to prevent the *worsening of* Mr. Mitchum, Jr.'s pressure injuries, and failure to transfer Mr. Mitchum, Jr. to a facility that could provide adequate care). The Court further declines to dismiss this action based on Plaintiff naming the incorrect d/b/a for Broadway Healthcare, LLC, and anticipates that this error can be remedied by a simple amendment.

For these reasons, the Court **TRANSFERS** this action to the United States District Court for the Eastern District of Oklahoma.

**IT IS SO ORDERED** this 27th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE